04-28353

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:                                                    Chapter 13 Case:
                                                          Case Number BKY 04-32969-DDO
Deborah Leverty,

       Debtor(s)

**NOTICE OF HEARING AND MOTION**
**FOR RELIEF FROM STAY**

To: To Debtor(s) and other entities specified in Local Rule 9013-3(a).

1. Lenny Frolov, by its undersigned attorney, moves the Court for relief requested below and gives Notice of Hearing within.

2. The Court will hold a Hearing on this Motion at 9:30 a.m on August 18, 2004, in Courtroom No. 228A, at U.S. Bankruptcy Court, 316 North Robert Street, St. Paul, Minnesota, or as soon thereafter as counsel can be heard.

3. Any response to this motion must be filed and delivered no later than August 13, 2004, which is three days before the time set for the hearing (excluding Saturdays, Sundays, and holidays), or filed and served no later than August 9, 2004, which is seven days before the time set for the hearing (excluding Saturdays, Sundays, and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. Pursuant to Local Rule 4001-1, unless a response to this motion is filed, the court may, in its discretion, enter an order granting relief from the stay without a hearing.

5. This Motion is filed under Bankruptcy Rule 4001, this proceeding arises under 11 USC Sec. 362 and movant requests relief from the automatic stay with respect to exempt property of the debtor subject to a lien. The Petition commencing this Chapter 13 Case was filed on May 17, 2004. This case is now pending in this Court. This Court has jurisdiction over this Motion proceeding under 28 USC Sec. 157 and 1334, Bankruptcy Rule 5005 and Local Rule 1070-1.

6. On November 2, 2002, the debtor made, executed and delivered to Lenny Frolov. a Contract for Deed in the original principal amount of $125,000.00 payable in monthly installments of $1,000.00 commencing on December 1, 2002 and on the first day of each and every calendar month thereafter until the principal and interest were fully paid, relative to certain real estate in Ramsey County,

Minnesota, legally described as follows:

>Lots 8 and 9, except the North 60 Feet thereof, Geo. Doehne's Subdivision of Block 15, Fairview Addition to St. Paul, Minnesota

which property has an address of: 977 Jessie Street, St. Paul, MN 55411, which said Contract was filed for record in the office of the Recorder, County of Ramsey, on November 5, 2002, as Document No. 3550859. A copy of the Contract is attached hereto as Exhibit "A" and made a part hereof by reference.

7. The debtor(s) has filed the plan dated May 25, 2004, which was confirmed by subsequent Court Order. The plan provided, among other things that:

>"2. Each secured claim is designated as a separate class, shall be determined under 11 USC 506, and shall be paid the amount allowed as of the effective date of the plan for the payments due, it such payments are maintained as provided below, and each holder thereof shall retain the lien securing such claim until the claim is paid."

>"3. Debtors or the trustee, if so provided below, shall cure defaults within a reasonable time, and the debtor shall maintain the payments due while the case is pending on any claim secured solely by a security interest in a mobile home or real property."

8. Notwithstanding the foregoing provisions of said plan, the debtors have not maintained current payments with respect to said Contract while this case is pending.

9. Debtor is delinquent on required payments. Debtor has not made any payments on the Contract since the Bankruptcy was filed on May 17, 2004. Amounts currently due and owing include the following:

| | |
|---|---:|
| 2 payments @ $1,000.00 | $2,000.00 |
| 2 late charges @ $50.00 | 100.00 |
| Attorney Fees/Costs | 800.00 |
| TOTAL DUE | $2,900.00 |

10. The amount due and owing include the following:

| | |
|---|---:|
| Principal | $109,899.19 |
| Interest | 2,465.60 |
| Accumulated late fees | 100.00 |
| Attorneys Fees & Costs | 800.00 |
| TOTAL | $113,264.79 |

10. Debtor(s) have claimed said mortgaged property as exempt pursuant to MSA 510.01.

11. By reason of the foregoing, good cause exists to lift the

automatic stay imposed by 11 USC section 362 to allow Lenny Frolov to pursue its remedies under State Law.

WHEREFORE, movant prays:

1. For an Order granting credit relief from the automatic stay of 11 USC section 362.

2. For such other and further relief as the Court finds just and proper.

Dated __7-27-04__

SHAPIRO & NORDMEYER, L.L.P.

By: _Lawrence P. Zielke_
Nancy A. Nordmeyer-121356
Lawrence P. Zielke-152559
7300 Metro Blvd. STE 390
Edina, MN 55439-2306
(952) 831-4060

## VERIFICATION

Lenny Frolov, the movant named in the foregoing notice of hearing and motion, declare under penalty of perjury that the foregoing is true and correct according to the best of my knowledge, information and belief.

Executed on: __7/22/04__     Signed: _____
Lenny Frolov
13570 Grove Drive #107
Maple Grove, MN 55311

Miller/Davis 54-M—Contract For Deed   Minnesota Uniform Conveyancing Blanks (2000)   Miller/Davis Co. © St. Paul, MN 1988

Individual Seller

No delinquent taxes and transfer entered; Certificate of Real Estate Value ( ) filed ( ) not required.
Certificate of Real Estate Value No. _____

NO DELINQUENT TAXES AND TRANSFER ENTERED
NOV 0 5 2002
(Date)
County Auditor
by _____ Deputy
Dept of Property Taxation Ramsey Co. MN
By _____

DOC# 3550859
Certified Recorded On
NOV. 05, 2002 AT 03:00PM
Signed: _____
OFFICE CO. RECORDER
RAMSEY COUNTY MN
Fee Amount: $20.00

Date: _____

(reserved for recording data)

THIS CONTRACT FOR DEED ("the Contract") is made on the above date by Lenny Frolov a single man

Seller (whether one or more), and Deborah Leverty   RETURN TO

Purchaser (whether one or more) (check box ☐ if joint tenancy).

Seller and Purchaser agree to the following terms:

1. PROPERTY DESCRIPTION. Seller hereby sells, and Purchaser hereby buys, real property in Ramsey County, Minnesota, described as follows:

see attached

CERT. OF REAL ESTATE VALUE
BY _____

together with all hereditaments and appurtenances belonging thereto ("the Property"). Unless otherwise specified, Seller hereby delivers possession of the Property to Purchaser on the date hereof.

Seller check applicable box:

✓ The Seller certifies that the seller does not know of any wells on the described real property.
☐ A well disclosure certificate accompanies this document.
☐ I am familiar with the property described in this instrument and I certify that the status and number of wells on the described real property have not changed since the last previously filed well disclosure certificate.

2. TITLE. Seller warrants that title to the Property is, on the date of this Contract, subject only to the following exceptions:
   (a) Covenants, conditions, restrictions (without effective forfeiture provisions) and declarations of record, if any;
   (b) Reservations of minerals or mineral rights by the State of Minnesota, if any;
   (c) Utility and drainage easements which do not interfere with present improvements;
   (d) Applicable laws, ordinances and regulations;
   (e) The lien of real estate taxes and installments of special assessments which are payable by Purchaser pursuant to paragraph 6 of this Contract; and
   (f) The following liens or encumbrances:
property has existing finanancing in an amount less than the amount financed under this contract.

3. DELIVERY OF DEED AND EVIDENCE OF TITLE. Upon Purchaser's full performance of this Contract, Seller shall:
   (a) Execute, acknowledge and deliver to Purchaser a _____ marketable Deed, in recordable form, conveying marketable title to the Property to Purchaser, subject only to the following exceptions:
       (i) Those exceptions referred to in paragraph 2(a), (b), (c), (d) and (e) of this Contract;
       (ii) Liens, encumbrances, adverse claims or other matters which Purchaser has created, suffered or permitted to accrue after the date of this Contract; and
       (iii) The following liens or encumbrances:
any liens or encumberances procured by the buyer after the date of this agreement

(b) Deliver to Purchaser the abstract of title to the Property, without further extension, to the extent required by the purchase agreement (if any) between Seller and Purchaser.

D.L.

WARNING: UNAUTHORIZED COPYING OF THIS FORM PROHIBITED.

UNITED STATES BANKRUPTCY COURT

DISTRICT OF MINNESOTA

In Re:  
Deborah Leverty,

    Debtor(s)

Case No. 04-32969-DDO  
Chapter 13

MEMORANDUM OF LAW

    Lenny Frolov ("Movant"), submits this memorandum of law in support of his motion for relief from the stay in the above-entitled matter.

FACTS

    Movant holds a valid, duly perfected Contract for Deed on real property owned by the Debtors. On the date this case was filed, the Debtor(s) was delinquent in respect of payments due under Contract. Since this case was filed Debtor(s) has made no payments to Movant and as of this date thereof are in arrears in the total amount of $2,900.00.

ARGUMENT

    Under Section 362.(d)(1) of the Bankruptcy Code, relief from the automatic stay shall be granted upon request of a creditor "for cause, including the lack of adequate protection of an interest in property of such creditor." 11 U.S.C. Sec. 362 (d) (1). The Debtor(s) in this case has failed to make the payments required by the Contract for deed for a period of more than 1 month. Debtor(s) has not otherwise provided Movant with adequate protection of its interest in the property. Such circumstances constitute cause, within the meaning of Section 362 (d) (1), justifying relief from the stay. In Re Video East, Inc., 41 B. R. 176 (Bkrtcy. E. D. Pa. 1984); In Re Frascatore, 33 B. R. 687 (Bkrtcy. E. D. Pa. 1983).

Accordingly, Movant is entitled to an order terminating the stay and authorizing it to cancel it's Contract for Deed on the property.

Dated: _____7/21/04_____ .

                                  Respectfully submitted,
                                  **SHAPIRO & NORDMEYER, L.L.P.**

                              By: _Lawrence P. Zielke_
                                  Nancy A. Nordmeyer-121356
                                  Lawrence P. Zielke-152559
                                  Attorney for Movant
                                  7300 Metro Blvd., STE 390
                                  Edina, MN  55439-2306
                                  (952) 831-4060

04-32969-DDO

## SWORN CERTIFICATE OF SERVICE

STATE OF MINNESOTA )
                               ) SS
COUNTY OF HENNEPIN )

**I, Stephanie Pilegaard** says that on July 27, 2004, I mailed copies of the annexed Memorandum of Law, Proposed Order for Relief from Stay, Notice of Hearing and Motion for Relief from Stay and Certificate of Service on the following interested parties at their last known address, by mailing to them, via first class mail, a copy thereof, enclosed in an envelope, postage prepaid and by depositing the same in the post office at Edina, Minnesota.

Deborah Leverty
977 Jessie Street
St. Paul, MN 55101

Mr. Robert J. Hoglund
Attorney at Law
1611 County Road B #106
Roseville, MN 55113

Jasmine Z. Keller, Trustee
12 South 6th Street, #310
Minneapolis, MN 55402

U.S. Trustee
1015 U.S. Courthouse
300 South 4th St.
Minneapolis, MN 55415

_____
Stephanie Pilegaard

Subscribed and sworn to before me July 27, 2004.

_____
Notary

LORI L. WIRTH
NOTARY PUBLIC-MINNESOTA
MY COMMISSION EXPIRES 1-31-2005

04-28353

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

In Re:                                             Chapter 13 Case:
                                                 Case Number BKY 04-32969-DDO

Deborah Leverty,

       Debtor(s)

### ORDER FOR RELIEF FROM STAY

The above-entitled matter came for hearing on August 18, 2004, before the undersigned, one of the judges of the above-named Court, upon the Motion of Lenny Frolov, for relief from the automatic stay. Appearances were as noted in the record.

The Court, having heard the arguments of counsel, and being duly advised in the premises.

**IT IS HEREBY ORDERED,**

That the automatic stay provided by 11 USC Sec. 362(a), is hereby terminated, with respect to Lenny Frolov, to permit Lenny Frolov to cancel that certain Contract for Deed dated November 2, 2002, between Lenny Frolov, Seller and Deborah Leverty, Buyer, in the original principal amount of $125,000.00, which was filed in the office of the Recorder, on November 5, 2002, as Document No. 3550859, regarding certain land located in Ramsey County, Minnesota, there existing cause to terminate the stay, including lack of adequate protection.

**NOTWITHSTANDING** Federal Rule of Bankruptcy Procedure 4001(a)(3), this order is effective immediately.

Dated:_____

                                                     BY THE COURT:

                                                     _____
                                                     Judge of Bankruptcy Court